### SEEBERGER v. RENO INCLINED ELEVATOR CO.

(Circuit Court, S. D. New York. December 1, 1905.)

PATENTS—INFRINGEMENT—STAIRWAY.

The Wheeler patent, No. 479,864 for a stairway, construed, and *held* not anticipated, valid, and infringed as to claims 6 and 10, and not infringed as to claims 7, 11, and 12.

In Equity. Suit for infringement of letters patent, No. 479,864, for a stairway granted to George A. Wheeler, August 2, 1872. On final hearing.

Harold Binney, for complainant.

Redding, Kiddle & Greeley, for defendant.

WALLACE, Circuit Judge. Upon the argument of this cause it was decided that claims 7 and 12 of the complainant's patent had not been infringed by the defendant, and decision was reserved upon the questions of the validity and infringement of claims 6, 10, and 11. The 11th claim is limited by its terms to the hand-rail described in the patent (which is an endless band, preferably made hollow and cylindrical) "in combination with guards overlapping the same." These guards are flexible flaps which rest loosely upon the belt to protect the fingers from a squeezing contact at the posts, r. The defendant's hand-rail is made in short sections or joints which together form an endless band, but it does not require guards, and does not have them, or any equivalent for them. For this reason, if for no others, the claim is not infringed.

The two claims which remain to be considered are expressed in very broad terms, but require limitations to be read into them by implication, besides those required by their terms. The "elevator" of the claims is not necessarily any kind of an elevator, or passenger elevator, but the term may and should be read as enumerating a stairway passenger elevator. It is only in this type of elevator that there is any occasion for the use of a hand-rail; and the improvements which are generally the subject of the patent are in passenger elevators "which will afford a stairway for travel" as well as a continuously movable elevator. Treating the claims as specifying such an elevator; they are to be further limited so as to embrace such an elevator

only when equipped with a hand-rail having the peculiar characteristics mentioned in the claims.

None of the prior patents anticipate either of the claims as thus limited. The Ames patent shows a traveling stairway having a stationary balustrade, but, as it does not suggest a traveling balustrade, necessarily does not suggest a traveling hand-rail. The Souder patent does not show or suggest any balustrade or hand-rail, and is merely for a traveling stairway. The Wilding English patent does not show a traveling stairway in the ordinary acceptation of the term, but shows a stationary staircase having a supplementary elevator for passengers consisting of a traveling step or platform. This platform is secured to a traveling carriage which moves upon a rail extending along the side of the stairway. Upon this carriage is mounted a baluster, which carries a cylindrical slide, which incloses and runs upon an upper rail extending along the side of the stairway parallel with the lower rail. The platform, when moved by the actuating mechanism connected with it, carries with it the carriage on the lower rail, the baluster, and the slide on the upper rail, as parts integral with itself. By this construction, while the passenger is being conveyed upon the platform, he can grasp the slide, or, if he chooses to do so, can grasp any part of the upper rail. The upper slide is thus in a sense a traveling hand-support. There is no suggestion in the patent that it is for any other use than to insure greater steadiness to the platform. Treating it as a hand-rail, it is not separate from the elevator, but an integral part of it. It is not a continuous hand-rail, because it does not extend from one terminal of the elevator to the other.

That it involved invention to adapt the hand-rest of the Wilding patent to elevators of the traveling staircase type is a conclusion which does not seem open to reasonable doubt. The Wood patent for a dirt machine, showing a dirt conveyor, and the other patents for conveyors or elevators not intended to carry passengers, are much more remote than the Wilding patent in their bearing upon the patentable novelty of the claims. The conclusion is also fully warranted that there was not in the prior art any elevator adapted to carry passengers to and from different levels, and to permit them to move from place to place thereon, equipped with a hand-rail also traveling and serving to enable the passengers to preserve their upright positions, notwithstanding the movement of the elevator, and assist in supporting them, whether the elevator is moving or at rest. The claims of the patent should therefore receive a sufficiently liberal construction to secure this invention to the patentee, so far as this is consistent with their language. The term "separate," as used in the claims, was inserted in compliance with the requirements of the patent office, and to distinguish the hand-rail from that which it was assumed was shown in the Wilding patent. Although this limitation would not seem to have been required by the prior state of the art, effect must be given to it. Effect is given to it by treating the word "separate" as referring to a hand-rail which is not integrally a part of the traveling support. The "continuous hand-rail" of the tenth claim is

one that affords a support for the whole distance between the terminals of the stairway. As thus construed the defendant's elevators embody the invention expressed in the terms of both claims.

A decree is ordered for the complainant enjoining the infringement of claims 6 and 10, and for an accounting. As the defendant has been compelled needlessly to litigate the question of the infringement of claims 7, 11, and 12, the decree is without costs.